**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4280**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DEREK JAMES JOHNSON, a/k/a Furman Daniels,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Timothy M. Cain, District Judge. (6:16-cr-00280-TMC-1)

Submitted: December 22, 2021              Decided: January 7, 2022

Before AGEE and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Amy K. Raffaldt, Myrtle Beach, South Carolina, for Appellant. William Jacob Watkins, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derek James Johnson appeals the district court's judgment revoking his supervised release and imposing a sentence of 12 months in custody with no further supervised release. Johnson admitted violating conditions of his supervised release and does not challenge the district court's decision to revoke his supervised release. In the district court, Johnson requested a variance sentence below his Chapter Seven policy statement range of six to 12 months, or alternatively, an upward variance sentence of 12 months and one day. On appeal, Johnson's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but raising the issue of whether his sentence of 12 months in custody was plainly unreasonable. Johnson was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

"A sentencing court has broad discretion to impose a revocation sentence up to the statutory maximum." *United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020) (internal quotation marks and citations omitted), *cert. denied*, 141 S. Ct. 1252 (2021). "'We will not disturb a district court's revocation sentence unless it falls outside the statutory maximum or is otherwise plainly unreasonable.'" *United States v. Doctor*, 958 F.3d 226, 238 (4th Cir. 2020) (citation omitted). "First, we determine whether the sentence is 'unreasonable at all,' procedurally or substantively." *Coston*, 964 F.3d at 296 (citation omitted). "If it is not, we affirm; if it is unreasonable, we determine whether it is plainly so." *Id*. (citation omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Chapter Seven policy statement range and the applicable § 3553(a) sentencing factors." *United States v. Patterson*, 957 F.3d 426,

436 (4th Cir. 2020) (citation omitted). A sentence within the policy statement range requires less explanation. *Id.* at 439 (citations omitted). In explaining its sentence, the district court "must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner that this Court can meaningfully consider the procedural reasonableness of the revocation sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017). "[A] revocation sentence is substantively reasonable if the court 'sufficiently state[s] a proper basis for its conclusion that' the defendant should receive the sentence imposed." *Id*. at 207 (citation omitted). We presume that a sentence within the policy statement range is reasonable. *United States v. Webb*, 738 F.3d 638, 641 (4th Cir. 2013).

Johnson argues that his sentence was procedurally and substantively unreasonable because the district court failed to adequately consider his request for a downward variance or a sentence of 12 months and one day. He further contends that "the district court's prohibition of Johnson from earning good time credits did not fall within any legitimate sentencing factor." We have reviewed the record and conclude that Johnson's arguments are without merit, and his sentence was procedurally and substantively reasonable.

The district court adequately addressed Johnson's arguments and explained its decision to deny his variance sentence requests, after considering the Chapter Seven policy statement range and applicable § 3553(a) sentencing factors. Among other things, the court imposed the 12-month sentence based on the need to promote adequate deterrence to criminal conduct and protect the public from Johnson's further crimes. The court found that "[p]rotection of the public is a significant factor here given" Johnson's "prior criminal

3

history, the nature of the underlying offense that brought him to [the district] Court, and the supervised release violations that he has committed." We further conclude that the court did not err or abuse its discretion in considering the possibility that he would receive good-time credits and serve only a 10-month sentence in denying his request for an upward variance. *See United States v. Fowler*, 948 F.3d 663, 669-72 (4th Cir. 2020). As the court explained, it denied this alternate request based on the same § 3553(a) factors.

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*